In re RICHARD CHARLES BERTRAND, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* RICHARD CHARLES BERTRAND, Respondent-Appellant.)

Second District   No. 77-309

Opinion filed October 30, 1978.

Mary Robinson and Alan D. Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Jan Tuckerman, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

On February 14, 1977, a petition for adjudication of wardship was filed alleging that the 16-year-old minor respondent, Richard Bertrand, was a delinquent minor in that he had committed two armed robberies. After a dispositional hearing, respondent was committed to the Department of Corrections. He appeals, contending that his confession, which was admitted into evidence, was involuntary.

On February 11, 1977, Rockford police arrested respondent and others at a private home. Respondent was taken to the police station where he was interrogated. Police meanwhile attempted to locate the youth officer. Respondent was read the *Miranda* warnings at the beginning of the interrogation and was further warned that he could be tried as an adult, although he was not told he could have his parents present. He initially said that he was not involved in a robbery, but after the police said that it would benefit him in the long run if he would cooperate, he admitted to participating in the two armed robberies which became the basis for the delinquency petition. About an hour after beginning the interrogation the youth officer arrived. After nearly one-half hour of telephoning, the youth officer was able to speak to the minor's father who, on being told his permission was necessary to take a statement from the minor, said "Go ahead and question him and take a statement." A written transcript was then made of respondent's earlier confession. Testimony conflicted as to whether respondent requested a lawyer, whether he requested the presence of his father, and whether he was under the influence of alcohol and drugs. Respondent's motions to quash the arrest and the confession were denied, and the confession was admitted into evidence at the dispositional hearing.

■■ The voluntariness of a juvenile's confession is to be determined by the totality of the circumstances. (*In re Lamb* (1975), 61 Ill. 2d 383, 336 N.E.2d 753, *cert. denied* (1976), 425 U.S. 938, 48 L. Ed. 2d 186, 96 S. Ct. 1672.) If counsel for the juvenile is not present when a confession is obtained, the utmost care must be taken to insure that the confession was

voluntary and not coerced, suggested or the result of the juvenile's ignorance of his rights or of his adolescent fantasy, fright or despair. *In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428; *People v. Simmons* (1975), 60 Ill. 2d 173, 326 N.E.2d 383.

■■ An examination of the totality of the circumstances in this cause convinces us that the minor's confession was voluntary. He was advised of his constitutional rights prior to interrogation; he indicated that he understood those rights and he signed a waiver of them; he was not denied physical comforts; he was warned that he could be tried as an adult; no promises or threats were made to him; and there was not a prolonged questioning, the first statement being orally to police within ten minutes of the beginning of interrogation. Although testimony conflicted regarding the minor's desire to see an attorney, the trial court apparently believed the testimony of witnesses who said no such request was made. Similarly, the trial court resolved the question of whether respondent was under the influence of alcohol and drugs by weighing the credibility of the witnesses and apparently believing testimony which showed that he was not under the influence of alcohol or drugs.

■ Respondent further contends that he was denied certain statutory rights. Section 3—2 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 703—2) provides that a law enforcement officer taking a minor into custody shall immediately make a reasonable attempt to notify the minor's parent, and that he shall without unnecessary delay take the minor to the nearest juvenile police officer. We note that the trial court specifically found that there was a reasonable attempt to notify the parents and that there was no unnecessary delay in contacting the juvenile officer. Reviewing the record, it is our view that the trial court's findings were not contrary to the manifest weight of the evidence and we hold that minor respondent was not denied his statutory rights.

■■ Finally, we do not accept the respondent's contention that his father was misled by police to prevent him from assisting his son. This court has stated that good practice provides that it is preferable, when possible, to be sure that a parent or guardian is present when a juvenile waives his rights. (*In re Stiff* (1975), 32 Ill. App. 3d 971, 336 N.E.2d 619.) We adhere to our holding in *Stiff* that a juvenile's waiver of rights is not rendered ineffective by failure of his parents to be present. Assuming, arguendo, that police did mislead the father, this cause is not so close as to allow this to be a significant factor in determining the voluntariness of the confession.

The decision of the circuit court is accordingly affirmed.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.