*In re* J.O., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. J.O., Respondent-Appellee).

Third District   No. 3—91—0845

Opinion filed July 15, 1992.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph C. Polito, of Joseph C. Polito, Ltd., of Joliet, for appellee.

JUSTICE HAASE delivered the opinion of the court:

A juvenile petition was filed charging the respondent, J.O., with seven counts of criminal damage to property (Ill. Rev. Stat. 1991, ch. 38, par. 21—1(1)(h)). A supplemental petition was filed alleging one count of mob action (Ill. Rev. Stat. 1991, ch. 38, par. 25—1(a)(1)). The respondent subsequently moved to suppress his admissions. The trial court granted the respondent's motion, and the State appeals.

The record reveals that on July 14, 1991, at approximately 3:30 a.m., police spotted the 12-year-old respondent carrying a can of spray paint near a recently sprayed building. The police stopped the

respondent and noticed that he had spray paint on his hand. He was subsequently informed of his rights, arrested, and taken to the police station, where he was allowed to call his parents.

The respondent's parents arrived at the station sometime between 4:05 and 4:45 a.m. However, the police testified that because the respondent's parents did not ask to talk to the respondent, they were not taken to see him. Instead, they waited in the police station lobby. The respondent was then interrogated, taken by police to other areas that had been spray painted, booked, and fitted with a monitoring device. He was finally released to see his parents at approximately 7 a.m.

The trial court concluded that there was no evidence that the police coerced the statement from the respondent. However, the court found that the respondent's admissions to the police should be suppressed for several reasons, including the fact that his parents were not given access to him. Accordingly, the court granted the respondent's motion.

On appeal, the State argues that the basis for the court's decision was that the respondent's parents were not allowed to see him. It contends that the trial court erred because there is no *per se* rule that juveniles must be given the opportunity to consult with their parents prior to questioning.

■ We agree with the State that there is no *per se* rule that juveniles must be allowed to consult with their parents prior to questioning. (*People v. Arias* (1989), 179 Ill. App. 3d 890, 535 N.E.2d 89; *People v. Smith* (1989), 178 Ill. App. 3d 976, 533 N.E.2d 1169.) However, it is well settled that the voluntariness of a juvenile's confession is to be determined by the totality of the circumstances. *In re Bertrand* (1978), 65 Ill. App. 3d 703, 382 N.E.2d 660.

In handing down its ruling in the instant case, the trial court expressly stated:

"You know, had he been 16, a totally different question would be presented. But when you find a young kid, twelve years of age, arrested in the middle of the night, his parents come to the police station, and they have difficulty with the language, and they cannot get to see their son[.] *** [I]t was frequently brought forth that they didn't ask to see their son. That kind of sophistry cannot be tolerated. For what other reason would they come down in the middle of the night ***?"

■ Thus, it is apparent that the trial court was considering the totality of the circumstances rather than following a *per se* rule that juveniles must be allowed to consult with their parents prior to ques-

tioning. In handing down its ruling, the trial court considered the respondent's age, the fact that the arrest and questioning occurred in the middle of the night, the parents' difficulty with the language, and the fact that they were denied access to him.

A juvenile's age and the fact that the interrogation occurred in the middle of the night may properly be considered in evaluating the voluntary nature of a confession. (*Haley v. Ohio* (1948), 332 U.S. 596, 92 L. Ed. 224, 68 S. Ct. 302.) Additionally, if parents have indicated an interest by their presence, then they should be allowed to confer with their children before any questioning begins, as well as be present when any questioning occurs. (*In re S.D.S.* (1982), 103 Ill. App. 3d 1008, 431 N.E.2d 759.) The presence or absence of a parent is a factor in evaluating the voluntary nature of a confession under the totality of the circumstances test. (*In re S.D.S.* (1982), 103 Ill. App. 3d 1008, 431 N.E.2d 759.) Accordingly, because the trial court's ruling was based on the totality of the circumstances and the court considered proper factors in making its determination, we affirm its granting of the motion to suppress.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, P.J., and McCUSKEY, J., concur.