*In re* C.R.H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. C.R.H., Respondent-Appellant).

Second District   No. 2—91—1419

Opinion filed September 23, 1993.

G. Joseph Weller, Paul J. Glaser, and Kathleen J. Hamill, all of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:
Respondent, C.R.H., appeals from the orders of the circuit court of Winnebago County adjudicating him a delinquent minor and com-

mitting him to the Department of Corrections. Respondent contends that, because his mother was not properly notified of the juvenile proceedings, the trial court was deprived of jurisdiction and its orders are void. We reverse.

On October 11, 1991, the State filed a supplemental petition for an adjudication of delinquency pursuant to section 5—3 of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1991, ch. 37, par. 805—3 (now 705 ILCS 405/5—3 (West 1992))). The petition alleged that on October 9, 1991, respondent committed the offenses of home invasion (Ill. Rev. Stat. 1991, ch. 38, par. 12—11 (now 720 ILCS 5/12—11 (West 1992))), residential burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—3 (now 720 ILCS 5/19—3 (West 1992))), drinking as a minor (Ill. Rev. Stat. 1991, ch. 43, par. 134a (now 235 ILCS 5/6—20 (West 1992))), and battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—3(a)(1) (now 720 ILCS 5/12—3(a)(1) (West 1992))). The petition requested that an arraignment be held on October 11 and listed, under names and residences of the minor's parents, respondent's mother, along with her address, and respondent's father, "address unknown."

Respondent had a two-year history of dealings with the juvenile court when the supplemental petition was filed. Having admitted to a petition to adjudicate him a delinquent minor at age 13, respondent began an alternating sequence of probations and detentions, interspersed with drug and alcohol assessments and treatments. Respondent's mother attended most of the earlier proceedings held against respondent in juvenile court. His father, whose whereabouts were unknown to both respondent and his mother, failed twice to respond to notices by publication, causing the court to enter default orders against him.

At the arraignment and detention hearing on October 11, 1991, the judge inquired as to the whereabouts of respondent's parents and the parents of a cominor, similarly charged. The prosecutor stated that "[t]hey have attempted to notify the parents." Respondent's juvenile probation officer told the judge, "I talked with the minor's mother this morning. She said she could not make it." Another probation officer made a similar representation regarding the absence of the cominor's parents. The judge then said, "I will order summons to issue for the respondents, respondent parents or stepparents." After hearing testimony, the court ordered that respondent be kept in detention pending the outcome of the proceedings on the petition.

On October 23, the State filed an amended supplemental petition that repeated the allegations made in the first petition and added charges of criminal trespass to residence (Ill. Rev. Stat. 1991, ch. 38,

par. 19—4 (now 720 ILCS 5/19—4 (West 1992))), criminal damage to property (Ill. Rev. Stat. 1991, ch. 38, par. 21—1(1)(a) (now 720 ILCS 5/21—1(1)(a) (West 1992))), and theft (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(1)(A) (now 720 ILCS 5/16—1(a)(1)(A) (West 1992))). Respondent's parents' names and mother's address were listed. The record includes a summons addressed to Mrs. H., dated October 18, 1991, informing her that a hearing would be held on the cause on October 23. On the reverse side of the summons is stapled a short document in affidavit form, dated October 21 and signed by a Winnebago County deputy sheriff, stating that the summons was not served on Mrs. H. because, "[e]xpired/not enough time to serve." The record does not indicate that respondent's mother or father was present at the hearing held on October 23, at which time a new attorney was appointed to represent respondent.

The judge explained the new charges to respondent at an arraignment held on October 30. Neither respondent's parents nor his attorney was present. The judge entered a denial on respondent's behalf and scheduled the cause for trial.

An adjudicatory hearing was held on November 4, 1991. The record contains no indication that either of respondent's parents was present or that they were notified of the hearing. The court adjudicated respondent delinquent after finding that he had committed home invasion, residential burglary, drinking as a minor, battery, and criminal damage to property.

A dispositional hearing, first set for November 19, 1991, was held on November 20. Again, the record indicates that neither parent was present and that no notice of either dispositional hearing date was sent to them. Respondent was committed to the Department of Corrections for an indeterminate term.

Respondent claims on appeal that the failure to give proper notice to his mother of the proceedings begun in October 1991 violated both respondent's and his mother's right to due process of law and rendered the lower court without jurisdiction to hold adjudicatory and dispositional proceedings. Therefore, respondent maintains, the lower court's adjudicatory and dispositional orders in this case are void. The State argues in response that respondent's objection to the court's jurisdiction on the ground of lack of service to his mother is waived. The State's sole basis for this assertion is an amendment to the Act, section 1—15(b) (Ill. Rev. Stat. 1991, ch. 37, par. 801—15(b) (now 705 ILCS 405/1—15(b) (West 1992))). According to the State, section 1—15(b), which became effective July 1, 1990, supersedes previous law on the subject of notice to juveniles.

The Act requires that a petition to adjudicate a minor delinquent name the minor's parents, legal guardian, or persons having custody of the minor (Ill. Rev. Stat. 1991, ch. 37, par. 805—13(2) (now 705 ILCS 405/5—13(2) (West 1992))) and that a summons with a copy of the petition attached be served on the persons so named (Ill. Rev. Stat. 1991, ch. 37, par. 805—15(1) (now 705 ILCS 405/5—15(1) (West 1992))). Thus, the legislature, at least before the addition of section 1—15(b), determined that parents are necessary respondents who must be named and served with notice in order for the trial court to conduct an adjudicatory hearing. *People v. R.S.* (1984), 104 Ill. 2d 1, 6; *In re E.D. Mc.* (1991), 216 Ill. App. 3d 896, 898.

Effective July 1, 1990, the General Assembly amended the notice provisions of the Act as follows:

"A party respondent who either has been properly served, or who appears before the court personally or by counsel at the adjudicatory hearing or at any earlier proceeding on a petition for wardship under this Act leading to that adjudicatory hearing, and who wishes to object to the court's jurisdiction on the ground that some necessary party either has not been served or has not been properly served must raise that claim before the start of the adjudicatory hearing conducted under any Article of this Act. No order or judgment is void because of a claim of inadequate service unless that claim is raised in accordance with this Section." Ill. Rev. Stat. 1989, ch. 37, par. 801—14(b) (amended to Ill. Rev. Stat. 1991, ch. 37, par. 801—15(b) (see Pub. Act 86—1475, eff. January 10, 1991)) (now 705 ILCS 405/1—15(b) (West 1992)).

No cases decided under the new provision have been cited by either party. Since it appears that we are the first court to review its application, we will examine section 1—15(b) under the rules of statutory construction.

When interpreting a statute, courts must give the language of the statute its plain and ordinary meaning and should look first to the statutory language as the best indication of the intent of the drafters. (*Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24, 50-51.) The amendment's wording is straightforward. "A party respondent *** who wishes to object to the court's jurisdiction on the ground that some necessary party either has not been served or has not been properly served must raise that claim before the start of the adjudicatory hearing." (Ill. Rev. Stat. 1991, ch. 37, par. 801—15(b) (now 705 ILCS 405/1—15(b) (West 1992)).) The plain language of section 1—15(b) indicates to us a legislative intent to place the ultimate

responsibility for notifying necessary parties of an adjudicatory hearing on the party respondent.

The Act does not define "party respondent." As used elsewhere in the Act, the term refers to the minor who is the subject of the proceeding and also to his parents, guardian, legal guardian, responsible relative, or other person named as a respondent in the petition. See Ill. Rev. Stat. 1991, ch. 37, par. 801—5(1) (now codified, as amended, at 705 ILCS 405/1—5(1) (West 1992)); Ill. Rev. Stat. 1991, ch. 37, par. 805—15(1) (now 705 ILCS 405/5—15(1) (West 1992)).

In the instant case, respondent and both of his parents are named in the petition. Respondent's father was previously declared in default following the court's attempts to notify him through publication, and lack of notice to him is not an issue on appeal. Therefore, the potential party respondents in this case are respondent and respondent's mother.

The State contends that respondent alone is the party respondent targeted by the amendment, because he had notice of the adjudicatory hearing and because applying the section to his mother would produce an absurd result: if she wished to timely object to lack of notice on herself, she first would have to be properly served. The amendment addresses only party respondents who have been properly served or who make an appearance at the adjudicatory hearing or earlier proceedings leading to that hearing. Respondent's mother was neither properly served nor present, personally or by counsel, at the proceedings beginning on October 11 that led to the adjudicatory hearing. Therefore, we agree with the State that the minor is the party respondent contemplated under section 1—15(b) in this instance.

Under the unamended Act, this court determined that notice to parents is essential to a juvenile court's jurisdiction. (See *In re E.D. Mc.* (1991), 216 Ill. App. 3d 896, 898.) Section 1—15(b) confronts us with the proposition that notice to parents is waivable by the minor respondent.

An amendment is presumed to have been made for a purpose. (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 298; *People v. Richardson* (1984), 104 Ill. 2d 8, 16.) It is possible, as the State posits, that the legislature's purpose in effecting this change was to prevent a party respondent from benefitting on appeal from procedural lapses. However, a statute must be read as a whole (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 318), and all relevant parts considered (*Beierman v. Edwards* (1990), 193 Ill. App. 3d 968, 979). Whatever the evil to be remedied by this amendment, we find

that it conflicts with other provisions of the Act, the constitutionality of which has been firmly established.

Section 1—5 of the Act sets forth the rights of parties to juvenile proceedings. With certain discretionary exceptions,

> "the minor who is the subject of the proceeding and his parents, guardian, legal custodian or responsible relative who are parties respondent have the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, [and] to examine pertinent court files and records ***.

> \* \* \*

> (3) Parties respondent are entitled to notice in compliance with Sections 2—15 and 2—16, 3—17 and 3—18, 4—14 and 4—15 or 5—15 and 5—16, as appropriate." (Ill. Rev. Stat. 1991, ch. 37, pars. 801—5(1), (3) (now 705 ILCS 405/1—5(1), (3) (West 1992)).)

Sections 5—15 and 5—16, which apply to delinquent minors, delineate the Act's requirements for the issuance and the service of summons and for notice by publication. Most pertinently, section 5—15 provides:

> "When a petition is filed, the clerk of the court shall issue a summons with a copy of the petition attached. The summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition [except, under certain circumstances, a minor respondent under 8 years of age]." (Ill. Rev. Stat. 1991, ch. 37, par. 805—15(1) (now 705 ILCS 405/5—15(1) (West 1992)).)

The petition "shall allege that the minor is delinquent and set forth *** facts sufficient" to establish that the minor violated or attempted to violate a Federal or State law or a municipal ordinance (see Ill. Rev. Stat. 1991, ch. 37, pars. 805—13(2), 805—1, 805—3(1) (now 705 ILCS 405/5—13(2), 405/5—1, 405/5—3(1) (West 1992))).

The Act's notice provisions before the addition of section 1—15(b) fully comported with Federal and State constitutional law.

The due process clause requires at a minimum " 'that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the case.' " (*Goss v. Lopez* (1975), 419 U.S. 565, 579, 42 L. Ed. 2d 725, 737, 95 S. Ct. 729, 738, quoting *Mullane v. Central Hanover Trust Co.* (1950), 339 U.S. 306, 313, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657.) The fundamental requisite of due process of law, the opportunity to be heard, would be a right that " 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to ... contest.' "

(*Goss*, 419 U.S. at 565, 42 L. Ed. 2d at 737, 95 S. Ct. at 738, quoting *Mullane*, 339 U.S. 306 at 314, 94 L. Ed. at 873, 70 S. Ct. at 657.) " 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' " *Goss*, 419 U.S. at 579, 42 L. Ed. 2d at 737, 95 S. Ct. at 738, quoting *Baldwin v. Hale* (1864), 68 U.S. 223, 233, 17 L. Ed. 531, 534.

■ Although a juvenile proceeding retains certain adversary characteristics, it is not an adversary proceeding in the usual sense but is one to be administered in a spirit of humane concern for the minor, to promote his welfare, and to serve the best interests of the community. (*In re Beasley* (1977), 66 Ill. 2d 385, 389; see also *In re M.D.B.* (1984), 121 Ill. App. 3d 77, 83 (delinquency proceedings are protective, not penal in nature; the purpose of the Act is not to punish but to correct and rehabilitate).) A juvenile proceeding is not criminal in nature; however, certain constitutional due process safeguards normally associated with criminal proceedings have been extended for the protection of juveniles to accord to them fundamental fairness. *Beasley*, 66 Ill. 2d at 390.

In a landmark case, the United States Supreme Court established that the basic requirements of due process and fairness must be satisfied in juvenile court proceedings (*In re Application of Gault* (1967), 387 U.S. 1, 30-31, 18 L. Ed. 2d 527, 548, 87 S. Ct. 1428, 1445) and, further, that due process in a juvenile proceeding requires adequate notice to a minor and his parents. (*Gault*, 387 U.S. at 33, 18 L. Ed. 2d at 549, 87 S. Ct. at 1446-47.) Specifically, the *Gault* Court stated that due process requires that a minor and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at an adjudicatory hearing on delinquency and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation. (*Gault*, 387 U.S. at 33, 18 L. Ed. 2d at 549, 87 S. Ct. at 1446.) The Court further held that neither "knowledge" of the charge by one of the parents nor an asserted failure to object on this ground would excuse the lack of constitutionally adequate notice. *Gault*, 387 U.S. at 34 n.54, 18 L. Ed. 2d at 550 n.54, 87 S. Ct. at 1447 n.54.

Our supreme court has affirmed that due process of law requires that notice in juvenile proceedings be equivalent to that constitutionally required in criminal or civil cases (*People v. R.D.S.* (1983), 94 Ill. 2d 77, 81) and that adequate notice to both the minor and his parents is a requirement of due process (*In re J.P.J.* (1985), 109 Ill. 2d 129, 135).

■ We interpret the Federal and State case law to mean that inadequate service to the parents, who are necessary parties, violates the minor's right to due process as well as that of the parents. Notice to parents may be viewed as a right that is shared by both the minor and his parents. Therefore, we find that, notwithstanding the dictates of section 1—15(b), the right to due process of both respondent and his mother was violated by the failure to give proper notice to respondent's mother.

We believe section 1—15(b) is constitutionally suspect for a further reason: the new provision qualifies the due process right to notice by mandating waiver if objection to lack of service or inadequate service is not timely made. Waiver of a constitutional right is valid only if it is clearly established that there was "an intentional relinquishment or abandonment of a known right." (*Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023.) "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States* (1970), 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1469; *People v. Johnson* (1979), 75 Ill. 2d 180, 187.

Moreover, special care must be taken when determining the voluntariness of a minor's waiver of rights. (*Gault*, 387 U.S. at 55, 18 L. Ed. 2d at 561, 87 S. Ct. at 1458; *People v. Simmons* (1975), 60 Ill. 2d 173, 179-81.) Although this court has held that a juvenile's waiver of constitutional rights is not rendered ineffective by the absence of his parents or guardian, we stated that good practice provides that it is preferable, whenever possible, to be sure that a parent or guardian is present when a juvenile waives his rights. *In re Stiff* (1975), 32 Ill. App. 3d 971, 978; *In re Bertrand* (1978), 65 Ill. App. 3d 703, 705.

Contrary to established constitutional principle, the new amendment permits waiver of a constitutional right with no inquiry whatsoever into a party's capacity or intention to waive his right.

Finally, we believe the amendment is constitutionally unsound in that it places an unwarranted restriction upon a reviewing court's prerogative to consider the issue of inadequate notice. Section 1—15(b) states that no order or judgment is void because of a claim of inadequate service *unless that claim is raised before the start of the adjudicatory hearing*. Although an issue not raised below is generally waived on appeal (134 Ill. 2d R. 341(e)(7)), our supreme court has long held that the rule of waiver states an admonition to the parties and not a limitation on the jurisdiction of reviewing courts. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225.) It is well established that a reviewing

court may, in the furtherance of its responsibility to provide a just result, override considerations of waiver and consider a point either not raised or not argued by an appellant. (*In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 446; *Welch v. Johnson* (1992), 147 Ill. 2d 40, 48.) Under section 1—15(b), a reviewing court's ability to reach the notice issue is statutorily constrained. We believe that such a restriction on a discretionary function of the reviewing court oversteps the constitutional line separating governmental powers.

For the foregoing reasons, we find that section 1—15(b) infringes upon a parent's constitutional right to receive adequate notice of a juvenile proceeding involving a minor child. Because notice to respondent's mother was constitutionally required, we hold that jurisdiction was improperly assumed by the Winnebago County circuit court and reverse the orders adjudicating respondent a delinquent minor and committing him to the Department of Corrections for an indeterminate term.

Reversed.

BOWMAN and QUETSCH, JJ., concur.