In re L.C.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. L.C.C., Respondent-Appellant).

Fourth District   No. 4—87—0415

Opinion filed March 31, 1988.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On May 12, 1987, the Macon County circuit court adjudicated the minor respondent delinquent based on one count of attempt (robbery), one count of aggravated battery, and illegal consumption of alcohol. Respondent was ordered to serve three days in detention, perform 90 hours of community service, and placed on six months' probation. On appeal, respondent contends he was denied due process where the State failed to give notice of the delinquency proceedings to the noncustodial father. He requests the court vacate the orders against him and remand the cause for new proceedings. We affirm.

On the evening of November 29, 1986, a Decatur police officer arrested the respondent and took him into custody. Respondent's mother was notified of her son's arrest and went to the station. At the station, Decatur juvenile officer Diane Beggs interviewed the respondent and the mother sat through the interview with her son. The respondent's noncustodial father also came to the station near

the end of the interrogation. It is not known how he knew his son was in custody.

The minor and his mother were served with summons on January 7, 1987. The State did not serve the minor's father personally, by certified mail, or by publication. His address was listed as unknown in the petition. A probation department report indicated the father may have been incarcerated in the Macon County jail. The mother was present at the adjudicatory and dispositional hearings; the father was not.

The issue presented is whether due process was violated where the State failed to serve the noncustodial father by summons, certified mail or publication either before the adjudicatory and dispositional hearings, where the noncustodial father appeared at the police station during his son's interrogation prior to the filing of the delinquency petition.

A person named as a respondent in a petition is required to be served with summons. (Ill. Rev. Stat. 1985, ch. 37, par. 704—3.) If the person's address is unknown, service should be made by publication in a newspaper of general circulation in the particular county. (Ill. Rev. Stat. 1985, ch. 37, par. 704—4(2).) Yet notice by publication is not necessary if the minor's legal custodian has already been served personally or by certified mail. (Ill. Rev. Stat. 1985, ch. 37, par. 704—4(2).) In this case the noncustodial father was named as a respondent, and his address was unknown. Service by publication was not necessary because the legal custodian, the mother, was served with summons personally.

Noncustodial parents should be served personally or by mail whenever possible, but notice to the custodial parent is what is crucial. (*In re S.W.C.* (1982), 110 Ill. App. 3d 695, 442 N.E.2d 961.) Here the respondent's mother is the custodial parent and she was properly notified.

The Illinois Supreme Court has held that where a minor fails to question the State's diligence in locating the noncustodial parent at trial, the matter is waived for purposes of appeal. (*In re J.P.J.* (1985), 109 Ill. 2d 129, 485 N.E.2d 848.) We agree. Minors should not remain silent at trial and then complain later about inadequate notice. At no time during the proceedings did the respondent, his mother, or his attorney question the State's diligence in ascertaining the whereabouts of the father.

The respondent contends his father should have been notified because he appeared at the police station prior to the filing of the delinquency petition. He claims the State was not diligent in identify-

ing where his father lived because it failed to get his address when he appeared at the station. He further claims the father's appearance reveals an interest in him as a son, their significant relationship, and potential assistance or protection the father might have provided.

The State must exercise diligence in summoning a noncustodial parent, especially when the identity or whereabouts of the person is unknown. (*J.P.J.*, 109 Ill. 2d 129, 485 N.E.2d 848.) The father's name was provided, as well as information regarding his possible incarceration. The State failed to follow up on this information to locate the father and serve him. The State should have obtained the address when the father was at the station.

The State should not fail to notify people or obtain addresses simply because section 4—4(2) requires that only the legal custodian be notified. Notifying a parent who has demonstrated interest is important and necessary to proceedings dealing with the welfare and future of a minor.

Despite the lack of initiative demonstrated by the State, we are not convinced the respondent's due process rights were violated. While the father's appearance shows an interest in the minor, there is no showing of a significant relationship between he and his father. The respondent knows who his father is, but does not know his address. His parents are divorced and it is not clear he had much contact with the father. Inadequate notice to a father does not deprive a minor of due process where they did not have a significant relationship. *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501.

Further, there is no evidence of any potential assistance or protection the father could have provided. He was not present for the full interrogation. The record does not indicate the topic of conversation between the father and the juvenile officer. The respondent does not point to any potential assistance he was denied.

The objectives of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1985, ch. 37, par. 701—1 *et seq.*) are more likely to be met where parental concern is encouraged. Here, the State ignored parental concern. The issue could be disposed of by waiver, but we choose to address the merits. We find the failure to serve the noncustodial father did not violate respondent's due process rights. The father is not an indispensable party. There is no evidence his absence denied the minor additional assistance or protection. The respondent in no way established a significant relationship. An increasing number of cases suggest the State is inattentive to the notice requirements of the Act. Those requirements should not be ignored in the future.

We affirm the circuit court's order that the respondent serve

674

three days' detention, perform 90 hours of community service, and be placed on six months' probation.

Affirmed.

GREEN, P.J., and SPITZ, J., concur.