181 Ill. App.3d 1034 (1989)
537 N.E.2d 1118
In re T.A., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
T.A., Respondent-Appellant).
No. 3-88-0236.
Illinois Appellate Court  Third District.
Opinion filed April 20, 1989.
*1035 *1036 Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.
James T. Teros, State's Attorney, of Rock Island (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Judgment affirmed.
JUSTICE SCOTT delivered the opinion of the court:
The minor respondent, T.A., appeals the revocation of his probation and his committal to the juvenile division of the Department of Corrections, on the grounds that the trial court lacked jurisdiction because of improper notice to his mother, father and guardian. We affirm.
The proceedings in this case date back to 1985. We set out only those facts necessary for our decision on the issue presented.
The minor was placed on probation in the spring of 1985. On December 18, 1987, a notice of a December 31, 1987, hearing to review that continuing probation was filed. The notice was addressed to, inter alia, the minor; his mother, Nancy Hellberg; and Elizabeth Schmidt, a representative of his guardian, the Rock Island County Juvenile Court Services. The minor failed to appear at this hearing. As a result, an order for issuance of a warrant was entered. On the order, the minor's mother and Ms. Schmidt were listed as present.
The minor appeared in court with his attorney on January 6, 1988. At that time, a petition for detention of the minor had been filed. The petition asked that the minor be detained pending a further hearing set for January 21, 1988. The record shows that the minor was placed with the Rock Island County Juvenile Detention Facility and that an adjudicatory hearing was set for January 8, 1988. The minor's mother was not present at the January 6 proceedings.
On January 8, 1988, the State filed a petition to revoke probation. Neither the minor's parents nor his guardian was named as respondent to the petition. The record does not reveal any attempt at formal service to these parties. A hearing on the petition was commenced on January 8. The record shows that both the minor's guardian and his mother were present at this hearing.
Following the January 8 hearing, the court revoked the minor's probation and continued the case until January 15, 1988, for the dispositional *1037 hearing. The guardian and the minor's mother were present at the dispositional hearing. There, the minor was committed to the Department of Corrections juvenile division. The minor filed a timely notice of appeal.
On appeal, the minor contends that the orders of the circuit court are void because it lacked jurisdiction. He argues that the court lacked jurisdiction because the petition to revoke probation failed to name his mother, father and guardian as respondents, and that as a result, none of the parties was properly notified of the proceedings.
 1, 2 Due process requires that notice in juvenile proceedings be equivalent to that constitutionally required in civil and criminal cases. (In re Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428.) The Juvenile Court Act of 1987 (the Act) requires that petitions set forth the names and residences of the minor, the parents and the legal guardian. (Ill. Rev. Stat. 1987, ch. 37, par. 805-13(2).) Section 5-15 of the Act provides that when a petition is filed, notice shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition; it also provides that service shall be made at least three days before the petition's stated appearance date. (Ill. Rev. Stat. 1987, ch. 37, pars. 805-15(1), (5).) Where a party is not formally served, but has actual notice and makes a general appearance, any objection to the form of notice is waived and the court has personal jurisdiction over the party. See In re J.W. (1981), 87 Ill.2d 56, 429 N.E.2d 501; In re J.A. (1986), 145 Ill. App.3d 816, 495 N.E.2d 1340.
 3 The minor argues that his mother and guardian were not properly served according to the requirements of section 5-15 of the Act and that, therefore, the court lacked jurisdiction to enter its orders. We find no merit to that argument. The record shows that the mother and the guardian were present at both the January 8, 1988, revocation hearing and the January 15, 1988, dispositional hearing. The court therefore had personal jurisdiction over these necessary party respondents.
Additionally, the minor contends that the failure to make any attempt to notify his natural father deprived the court of jurisdiction. With reference to In re J.P.J. (1985), 109 Ill.2d 129, 485 N.E.2d 848, we find the minor's contention to be without merit.
The minor's parents were divorced when he was under two years of age. The record reflects very little if any contact between the minor and his natural father. In the fall of 1987, the probation officer's attempts to contact the father were unsuccessful. The father has never been named or served as a respondent in any of the proceedings *1038 concerning the minor, nor has he ever appeared at any of the proceedings.
 4-6 A pleading that does not name and notify a necessary respondent in a juvenile proceeding fails to invoke the jurisdiction of the court and thereby renders its order void. (People v. R.D.S. (1983), 94 Ill.2d 77, 445 N.E.2d 293.) The legislature, through the notice provisions of the Act, has already determined that the parents are necessary respondents, who must be named and served with notice in order for the trial court to conduct an adjudicatory proceeding. (People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297.) But when someone does not share in the custody of the minor, has so little contact with the minor that he does not learn of the minor's danger and cannot be found after a diligent search, then his interest is sufficiently slight that he should not be treated as an indispensable party. (In re J.W. (1981), 87 Ill.2d 56, 429 N.E.2d 501.) The State's diligence in identifying or locating a parent whose identity or address was not known to the State at the commencement of the proceedings may not be attacked on appeal if the question was not also raised in the trial court, where the record on the matter could have been made in the first instance. In re J.P.J. (1985), 109 Ill.2d 129, 485 N.E.2d 848.
 7 If personal or abode service, or service by certified mail, is possible, the Act requires it. (In re J.P.J. (1985), 109 Ill.2d 129, 485 N.E.2d 848.) Service of a juvenile petition may be made by publication to a party whose whereabouts are not known. (Ill. Rev. Stat. 1987, ch. 37, par. 804-15.) Under section 4-15(2) of the Act, notice by publication is excused if the order or judgment issued is not directed against the absent person and if the person having legal custody of the minor is served personally or by certified mail. (Ill. Rev. Stat. 1987, ch. 37, par. 804-15(2).) This latter condition is satisfied through actual notice to a parent having actual sole custody of the minor. In re J.P.J. (1985), 109 Ill.2d 129, 485 N.E.2d 848.
 8 The issue of the State's diligence in locating the father was not raised by anyone in the trial court; therefore, the issue is waived and the question of whether the notice provisions of the Act were satisfied must be based on the record.
The record shows some indication of the father's whereabouts, but no address. Thus, the record does not show that the minor's father could have been served by personal or abode service or by certified mail when the proceedings commenced. (See In re A.H. (1988), 165 Ill. App.3d 543, 519 N.E.2d 59.) Furthermore, service by publication was excused by section 4-15(2). The orders entered were not directed against the father. The mother, who had sole custody of the minor, *1039 had actual notice of the proceedings and appeared.
Additionally, the record does not support the minor's contention that the father's presence might have changed the outcome. The minor in no way established that he had a significant relationship with the father, and there is no evidence that his father's absence denied him additional assistance or protection. See In re L.C.C. (1988), 167 Ill. App.3d 670, 521 N.E.2d 652.
 9 On the facts of this case, and the state of the case law with reference to In re J.P.J., we find no jurisdictional defect in the trial court's proceedings, because the father was not an indispensable party and the court had personal jurisdiction over the remaining necessary party respondents.
In reaching this conclusion, we also note the lax attention by the trial court to the procedural requirements of the Juvenile Court Act of 1987. These requirements should not be ignored in the future. In re L.C.C. (1988), 167 Ill. App.3d 670, 521 N.E.2d 652.
Therefore, the judgment of the circuit court of Rock Island County is affirmed.
Affirmed.
WOMBACHER, P.J., and STOUDER, J., concur.