(No. 76377.—)

*In re* C.R.H. (The People of the State of Illinois, Appellant, v. C.R.H., Appellee).

*Opinion filed November 23, 1994.*

Roland W. Burris, Attorney General, of Springfield, and Paul A. Logli, State's Attorney, of Rockford (Norbert J. Goetten, William L. Browers and Marshall M. Stevens, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Kathleen J. Hamill, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

This appeal arises from the orders of the circuit court of Winnebago County adjudicating respondent, C.R.H., a delinquent minor and committing him to the Department of Corrections. On appeal, C.R.H. argued that his mother was not properly notified of the juvenile proceedings and, therefore, the trial court was deprived of jurisdiction and its orders were void. The appellate court held that, because notice to C.R.H.'s mother was constitutionally required, jurisdiction was improperly assumed by the circuit court. (251 Ill. App. 3d 102.) Accordingly, the appellate court reversed the orders adjudicating C.R.H. a delinquent minor and committing him to the Department of Corrections. The appellate court further held that section 1—15(b) of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1991, ch. 37, par. 801—15(b) (now 705 ILCS 405/1—15(b) (West 1992))) was unconstitutional because it infringes upon a parent's constitutional right to receive adequate notice of a juvenile proceeding involving a minor child. (251 Ill. App. 3d 102.) We allowed the State's petition for leave to appeal (134 Ill. 2d R. 317). We now affirm the appellate court.

## FACTS

The record reveals the following facts. On October 11, 1991, the State filed a supplemental petition for an adjudication of delinquency pursuant to section 5—3 of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1991, ch. 37, par. 805—3 (now 705 ILCS 405/5—3 (West 1992))). The petition alleged that C.R.H. was a delinquent minor because on October 9, 1991, he committed the offenses of home invasion (Ill. Rev. Stat. 1991, ch. 38, par. 12—11 (now 720 ILCS 5/12—11 (West 1992))), residential burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—3 (now 720 ILCS 5/19—3 (West 1992))), drinking as a minor (Ill. Rev. Stat. 1991, ch. 43, par. 134a (now 235

ILCS 5/6—20 (West 1992))), and battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—3(a)(1) (now 720 ILCS 5/12—3(a)(1) (West 1992))). The petition requested that an arraignment be held on October 11, 1991, and listed the names of C.R.H.'s parents along with his mother's address. C.R.H.'s father's address was listed as "unknown." The record does not include a summons to either parent.

Prior to the filing of the supplemental petition, C.R.H. had a history of dealings with the juvenile court over the previous two years. C.R.H. admitted to an earlier petition to adjudicate him a delinquent minor. Thereafter, C.R.H. began an alternating sequence of probation and detention, interspersed with drug and alcohol assessments and treatments. C.R.H.'s mother attended most of the earlier proceedings held against C.R.H. in juvenile court. Nevertheless, C.R.H.'s father, whose whereabouts were unknown to both C.R.H. and his mother, failed twice to respond to notices by publication. The court subsequently entered default orders against C.R.H.'s father.

At the arraignment and detention hearing on October 11, 1991, C.R.H.'s parents were not present. The State indicated that it had attempted to notify the parents. C.R.H.'s probation officer stated that he had talked with C.R.H.'s mother, who indicated that she could not attend the proceedings. The court then ordered summons to issue for the parents. After hearing testimony, the court ordered that C.R.H. be kept in detention pending the outcome of the proceedings on the petition.

The record includes a summons addressed to C.R.H.'s mother, dated October 18, 1991, informing her that a hearing would be held on October 23, 1991. Attached to the summons is a short document in affidavit form, dated October 21, and signed by a Winnebago County deputy sheriff. That document indicates that the summons was not served on the mother because it had expired.

On October 23, 1991, the cause was reset for trial on November 4, 1991. There is no indication in the record that C.R.H.'s parents were present.

On October 30, 1991, the State filed an amended supplemental petition that repeated the allegations made in the first petition and added charges of criminal trespass to residence (Ill. Rev. Stat. 1991, ch. 38, par. 19—4 (now 720 ILCS 5/19—4 (West 1992))), criminal damage to property (Ill. Rev. Stat. 1991, ch. 38, par. 21—1(1)(a) (now 720 ILCS 5/21—1(1)(a) (West 1992))), and theft (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(1)(A) (now 720 ILCS 5/16—1(a)(1)(A) (West 1992))). C.R.H.'s parents' names and his mother's address were listed on the amended supplemental petition. Nevertheless, the record is devoid of a summons to C.R.H.'s parents concerning this petition.

On October 30, 1991, a brief hearing was held at which the court explained the new charges to C.R.H. Neither C.R.H.'s parents nor his attorney was present. The court entered a denial on behalf of C.R.H., and scheduled the cause for trial on November 4, 1991.

On November 4, 1991, an adjudicatory hearing was held. The record contains no indication that either of C.R.H.'s parents was present or that they were notified of the hearing. The court adjudicated C.R.H. delinquent after finding that he had committed home invasion, residential burglary, drinking as a minor, battery and criminal damage to property.

A dispositional hearing was held on November 20, 1991. The record indicates that neither parent was present and that no notice of the dispositional hearing date was sent to them. At the conclusion of the hearing, the court ordered C.R.H. committed to the Department of Corrections for an indefinite period of time.

The appellate court reversed the orders adjudicating C.R.H. a delinquent minor and committing him to the

Department of Corrections. The appellate court held that jurisdiction was improperly assumed by the circuit court since C.R.H.'s mother did not receive notice, which is constitutionally required. Accordingly, the appellate court reversed the orders adjudicating C.R.H. a delinquent minor and committing him to the Department of Corrections. It further held that section 1—15(b) of the Act is unconstitutional. As stated, we allowed the State's petition for leave to appeal.

The issue before this court is whether a minor's parents have a constitutional right of due process to receive adequate notice of a juvenile proceeding, and whether section 1—15(b) of the Act (Ill. Rev. Stat. 1991, ch. 37, par. 801—15(b) (now 705 ILCS 405/1—15(b) (West 1992))) is unconstitutional for infringing upon that right.

## ANALYSIS

### I

Initially, we note that the circuit court found C.R.H.'s father in default following failed attempts to notify him through publication. As a result, lack of notice to him is not an issue on appeal. The issue before us concerns whether adequate notice was given to C.R.H.'s mother.

The issue of parental notice in the context of a juvenile proceeding was first examined by the United States Supreme Court in *In re Application of Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428. In *Gault*, the Court established that the basic requirements of due process and fairness must be satisfied in juvenile proceedings. (*Gault*, 387 U.S. at 30-31, 18 L. Ed. 2d at 548, 87 S. Ct. at 1445.) The Court held that due process in a juvenile proceeding requires adequate notice to a minor and his parents. (*Gault*, 387 U.S. at 33, 18 L. Ed. 2d at 549, 87 S. Ct. at 1446-47.) Specifically, the *Gault* Court found that due process requires that a minor and

his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at an adjudicatory hearing on delinquency. (*Gault*, 387 U.S. at 33, 18 L. Ed. 2d at 549, 87 S. Ct. at 1446.) Such written notice must be given at the earliest practicable time and, in any event, sufficiently in advance of the hearing to permit preparation. *Gault*, 387 U.S. at 33, 18 L. Ed. 2d at 549, 87 S. Ct. at 1446.

This court has adopted the holding in *Gault* that due process of law requires that notice in juvenile proceedings be equivalent to that constitutionally required in criminal or civil cases (*People v. R.D.S.* (1983), 94 Ill. 2d 77, 81) and that adequate notice to a minor and his or her parents is a requirement of due process (*In re J.P.J.* (1985), 109 Ill. 2d 129, 135). This court has also found that inadequate notice to a parent whose address is known violates the rights of parent and child to due process. (*People v. R.S.* (1984), 104 Ill. 2d 1, 6.) Consequently, a minor and his or her parents have a constitutional right of due process to receive adequate notice of a juvenile proceeding.

The State first argues that notice to parents is a mere prophylactic safeguard and not a constitutional right of due process. The State relies on *United States v. Watts* (10th Cir. 1975), 513 F.2d 5, as support for this claim. In *Watts*, the minor appealed from a judgment finding him guilty of involuntary manslaughter and adjudging him to be a juvenile delinquent. The minor alleged that he was denied due process because his parents were not given notice of the charges against him. The court held that the right to parental notice recognized in *Gault* was merely a "prophylactic safeguard" intended to protect a minor's basic rights. (*Watts*, 513 F.2d at 8.) The court found that, because the minor was aware of the charges against him and was represented by counsel, he was not denied fundamentally fair

treatment. (*Watts*, 513 F.2d at 8-9.) The court concluded, therefore, that failure to provide his parents with adequate notice of the charges against him did not warrant reversal of his adjudication as a delinquent.

We disagree with the State's contention that parental notice is a mere "prophylactic safeguard," because it is contrary to this court's holding that parental notice is a constitutional right of due process. (*J.P.J.*, 109 Ill. 2d at 135.) Additionally, we find *Watts* to be factually distinguishable from the instant case. In *Watts*, the court specifically noted that the minor's parents attended the hearings. (*Watts*, 513 F.2d at 8.) In the instant case, however, C.R.H.'s mother did not attend the adjudicatory and dispositional hearings with respect to the proceedings begun in October 1991. More importantly, there is no indication that she was otherwise informed of the hearing dates. *Watts*, therefore, has no bearing on this case. We affirm this court's prior holding that notice to parents is a constitutional right of due process.

The State next contends that *Gault* should not be interpreted as requiring formal written notice to parents since there are situations where such notice is impossible. This court has already addressed this matter in the context of an unknown noncustodial parent. In *In re J.W.* (1981), 87 Ill. 2d 56, 60-61, this court recognized service by publication where individual service is impossible. The court went further and held that failure to serve notice of delinquency proceedings, by publication, on the minor's unknown father did not violate due process. (*J.W.*, 87 Ill. 2d at 58-61.) In reaching this result, the court noted that the father and his whereabouts were unknown, and that there was notice to the custodial mother. (*J.W.*, 87 Ill. 2d at 58-61.) A similar result was reached in *In re J.P.J.* (1985), 109 Ill. 2d 129, where this court found that notice in a juvenile delinquency proceeding was adequate despite the fact that the

noncustodial parent was not served with notice. Once again, the court relied on the fact that the noncustodial parent's whereabouts were unknown and the custodial parent received notice. (*J.P.J.*, 109 Ill. 2d at 137-39.) Thus, this court has recognized exceptions to formal written notice under limited circumstances. Nevertheless, these exceptions have not altered this court's prior holding that notice is a constitutional right (*i.e.*, in those cases where notice to a noncustodial parent was excused, there was still notice to a custodial parent).

The instant case is distinguishable from *J.W.* and *J.P.J.* because there was no form of notice to C.R.H.'s mother, who was the custodial parent. The record contains no form of notice to C.R.H.'s mother and reveals that she was not present at either the adjudicatory or the dispositional hearings concerning the amended supplemental petition. Thus, this case does not fall within the exceptions to formal written notice previously recognized by this court.

In view of the foregoing, we find that the right to due process of both C.R.H. and his mother was violated by failure to give proper notice to C.R.H.'s mother.

## II

Having established that C.R.H. and his mother were denied their constitutional rights to due process, we further find that the circuit court lacked jurisdiction to enter the delinquency and dispositional orders with respect to the amended supplemental petition. A pleading in a juvenile proceeding that does not name and notify necessary respondents, which includes parents or a legal guardian, fails to invoke the jurisdiction of the court and thereby renders its orders void. (*R.D.S.*, 94 Ill. 2d at 83; *R.S.*, 104 Ill. 2d at 6.) In *R.D.S.*, this court held that, where the legal guardian did not receive proper notice of the adjudicatory hearing, the trial court's jurisdiction was not properly invoked. (*R.D.S.*, 94 Ill. 2d at 83.)

Therefore, the orders finding the minor delinquent and committing him to the Department of Corrections were void. (*R.D.S.*, 94 Ill. 2d at 83.) Similarly, in *R.S.*, where the State failed to notify the noncustodial parent whose address was known, the court found that the trial court lacked jurisdiction, and its order of delinquency was void. (*R.S.*, 104 Ill. 2d at 6.) In the instant case, C.R.H.'s mother did not receive proper notice. Therefore, unless C.R.H.'s claim of inadequate service of notice can be deemed waived, the circuit court's orders adjudicating C.R.H. a delinquent and sentencing him to the Department of Corrections are void for lack of jurisdiction.

## III

To determine whether a claim of inadequate notice can be waived, we must examine section 1—15(b) of the Act. Section 1—15(b) provides that a minor must object prior to the start of an adjudicatory hearing to the lack or inadequacy of the notice to his parents or any other necessary party. (Ill. Rev. Stat. 1991, ch. 37, par. 801—15(b) (now 705 ILCS 405/1—15(b) (West 1992)).) In essence, section 1—15(b) mandates that a constitutionally protected right, notice to parents, is automatically waived when a minor fails to claim that notice to his or her parents was inadequate in a timely manner. Consequently, section 1—15(b) qualifies the due process right to notice by mandating waiver if an objection to inadequate notice is not timely made.

The State contends that this court has allowed waiver of formal written notice. In *J.W.*, where formal written notice was not served on a minor's custodial parent but where that parent had actual notice and appeared in court, written notice was held to be waived. (*J.W.*, 87 Ill. 2d at 62.) Subsequently, in *J.P.J.*, where the minor failed to raise the lack of notice to a noncustodial parent, whose address was unknown, the matter was waived. (*J.P.J.*, 109 Ill. 2d at 137.) Although this court

has allowed for waiver under the preceding circumstances, section 1—15(b) attempts to expand waiver to encompass situations where the parent who is not notified is a custodial parent whose whereabouts are known and who has no actual notice of the proceedings.

In examining the waiver provision under section 1—15(b), we note that this court has recognized waiver of a constitutional right. This court has stated the following standard with respect to waiver:

"Waiver of a constitutional right is valid only if it is clearly established that there was 'an intentional relinquishment or abandonment of a known right ***.' (*Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023.) 'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' (*Brady v. United States* (1970), 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1469.) The object of these standards is to insure, based on the totality of circumstances evident in the record, that the defendant was able to make a rational choice from among the alternatives available to him." (*People v. Johnson* (1979), 75 Ill. 2d 180, 187.)

Contrary to this standard, section 1—15(b) permits waiver of a constitutional right without inquiry into a minor's capacity or intention to waive that right. Thus, section 1—15(b) allows inadequate service of notice to parents in violation of the constitutional guarantee of due process of law. For this reason, we find that section 1—15(b) improperly infringes on a constitutional right without applying any of the safeguards required for a valid waiver of a constitutional right. We therefore hold that section 1—15(b) is unconstitutional.

## IV

Before concluding, we recognize an additional reason for finding section 1—15(b) unconstitutional. Section 1—15(b) states: "No order or judgment is void because of

a claim of inadequate service unless that claim is raised in accordance with this Section." (Ill. Rev. Stat. 1991, ch. 37, par. 801—15(b) (now 705 ILCS 405/1—15(b) (West 1992)).) Consequently, a claim of inadequate service of notice is waived on appeal unless it is raised before the start of the adjudicatory hearing. We find that this statutory constraint on a reviewing court's discretion to consider the issue of inadequate notice conflicts with this court's rules regarding waiver and appeals.

This court has interpreted the rule of waiver (134 Ill. 2d R. 341(e)(7)) as an admonition to the parties and *not* a limitation on the jurisdiction of reviewing courts. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 224-25; see *Dineen v. City of Chicago* (1988), 125 Ill. 2d 248, 265-66.) In this regard, this court has stated that a reviewing court may, in furtherance of its responsibility to provide a just result, override considerations of waiver. (*People v. Wilson* (1993), 155 Ill. 2d 374, 379; *Welch v. Johnson* (1992), 147 Ill. 2d 40, 48; *In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 446; *Hux*, 38 Ill. 2d at 225.) This interpretation is supported by Supreme Court Rule 366(a)(5), which deals with the powers of a reviewing court and the scope of review. Rule 366(a)(5) provides that a reviewing court has the authority to "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." (134 Ill. 2d R. 366(a)(5).) Section 1—15(b) conflicts with Rule 366(a)(5) since it curtails the court's ability to review the notice issue. When a statute " 'directly and irreconcilably conflicts with a rule of this court on a matter within the court's authority,' " the rule will prevail. (*People v. Williams* (1991), 143 Ill. 2d 477, 483, quoting *People v. Walker* (1988), 119 Ill. 2d 465, 475.) This court has recognized that our constitution places " 'responsibility for rules governing appeal in the Supreme Court,

and not in the General Assembly.' " (*Williams*, 143 Ill. 2d at 483, quoting *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66.) Additionally, pursuant to the separation of powers clause of the Illinois Constitution, "[t]he legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, § 1.) Therefore, we find that, by statutorily constraining a reviewing court from considering the issue of notice in juvenile cases, the legislature encroaches upon judicial power and thereby violates the separation of powers clause of our constitution.

For the reasons stated, we agree with the finding of the appellate court that section 1—15(b) is unconstitutional, and affirm the judgment of the appellate court, which reversed the circuit court's adjudication of C.R.H. as a delinquent minor and committed him to the Department of Corrections.

*Affirmed.*