660 N.E.2d 545 (1995)
277 Ill.App.3d 32
214 Ill.Dec. 100
In the Interest of C.H., a minor (The People of the State of Illinois, Plaintiff-Appellee,
v.
C.H., Defendant-Appellant).
No. 3-95-0372.
Appellate Court of Illinois, Third District.
December 29, 1995.
*546 Mark D. Fisher, Office of the State Appellate Defender, Ottawa, for CH.
John X. Breslin, Deputy Director, State's Attorneys Appellate Prosecutor, Ottawa, Kevin W. Lyons, State's Attorney, Peoria, Rita Kennedy Mertel, States' Attorneys Appellate Prosecutor, Ottawa, for People.
Justice SLATER delivered the opinion of the court:
The minor, C.H., appeals from the judgment of the circuit court finding him to be delinquent and committing him to the Illinois Department of Corrections, Juvenile Division. The minor argues that he was denied due process of law because the State failed to exercise due diligence in locating and notifying his father of the delinquency proceeding. We agree. Therefore, we reverse the judgment of the circuit court and remand the cause for further proceedings consistent with this opinion.
On June 29, 1994, the State filed a delinquency petition against the minor. The petition contained the name of the minor's father but stated that the father's address was unknown. This petition was dismissed on November 3, 1994, and the State was given leave to file another petition. A second petition was filed on November 4, 1994. Again, the petition stated the name of the minor's father but alleged that his address was unknown.
Shortly after the second petition was filed, the minor and his mother were personally served. The minor's stepfather was served when he appeared in open court for a hearing on November 28, 1994.
On March 13, 1995, the minor admitted to the counts of the delinquency petition charging him with aggravated battery (720 ILCS 5/12-4(a) (West 1992)) and aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 1992)). The court scheduled a dispositional hearing for April 13, 1995, and directed Juvenile Court Services to prepare a dispositional social history relating to the minor.
The dispositional report stated that the minor's father paid child support, and that he had been employed by the Hanna City Correctional Center for approximately 18 years. *547 Following consideration of the report, a statement made by the minor's mother and the victim impact statements that were submitted, the trial court committed the minor to the Department of Corrections for a period not to exceed the minor's 19th birthday.
The minor first argues on appeal that his right to due process of law was violated when the State failed to use diligence in locating and notifying his father of the delinquency proceeding. The State contends that the minor has waived any argument on this issue by failing to raise the issue before the trial court.
Initially, we note that the doctrine of waiver is an admonition upon the parties, not a restriction upon the jurisdiction of a reviewing court. (In re C.R.H. (1994), 163 Ill.2d 263, 206 Ill.Dec. 100, 644 N.E.2d 1153.) A reviewing court may override considerations of waiver in furtherance of its responsibility to provide a just result. (C.R.H., 163 Ill.2d 263, 206 Ill.Dec. 100, 644 N.E.2d 1153.) As the court noted in In re L.C.C. (1988), 167 Ill.App.3d 670, 673, 118 Ill.Dec. 370, 372, 521 N.E.2d 652, 654, "[a]n increasing number of cases suggest the State is inattentive to the notice requirements of the [Juvenile Court] Act" (705 ILCS 405/1-1 et seq. (West 1992)). Therefore, notwithstanding any questions of waiver, we choose to address the merits of the instant case.
The Juvenile Court Act of 1987 (Act) provides that the parents of a minor who is the subject of proceedings under the Act have the right to be present at the proceedings. (705 ILCS 405/1-5(1) (West 1992).) The delinquency petition must provide the names and addresses of the minor's parents. (705 ILCS 405/5-13(2) (West 1992).) If any of these facts are unknown, the petition must indicate that they are unknown. People v. R.D.S. (1983), 94 Ill.2d 77, 67 Ill.Dec. 813, 445 N.E.2d 293.
In addition to the requirements of the Act, due process of law requires that the notice given in a juvenile proceeding be equivalent to the constitutionally mandated notice in a criminal or civil action. (In re Application of Gault (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.) The State must use diligence in notifying the minor's parents, especially when the location of a parent is unknown. (L.C.C., 167 Ill.App.3d 670, 118 Ill.Dec. 370, 521 N.E.2d 652.) When the State fails to provide proper notice to the minor and his parents, it fails to invoke the jurisdiction of the court and any subsequent orders are void. C.R.H., 163 Ill.2d 263, 206 Ill.Dec. 100, 644 N.E.2d 1153.
In the case at bar, it is clear that the State failed to act with even a modicum of diligence in notifying the minor's father of the delinquency petition. The father's name was included in the petition. He was paying child support. He had been working at the same job for more than 18 years. If the State had exercised even a small degree of diligence, it could have discovered the father's address. Instead, the State did nothing. Such a failure is inconsistent with the parent's right to be present and with the minor's right to due process of law. Consequently, we hold that the judgment of the trial court committing the minor to the Department of Corrections is void because the State failed to properly serve notice upon the minor's father.
We are aware of other cases in which, faced with similar circumstances, courts have held that lack of notice to the noncustodial parent was not fatal to the juvenile proceeding. (See L.C.C., 167 Ill.App.3d 670, 118 Ill.Dec. 370, 521 N.E.2d 652; In re J.W. (1981), 87 Ill.2d 56, 57 Ill.Dec. 603, 429 N.E.2d 501; In re J.P.J. (1985), 109 Ill.2d 129, 92 Ill.Dec. 802, 485 N.E.2d 848.) However, we find that these cases are distinguishable. In each of them, the courts cited facts which indicated that the noncustodial parent had not paid child support, and that it would have been difficult to locate the noncustodial parent. The courts then held that the difficulty of locating the noncustodial parent and the lack of a significant relationship between the noncustodial parent and the child excused the State's failure to provide notice to the noncustodial parent.
In the case at bar, the minor's father has paid child support. This fact, combined with his history of a lengthy employment with the Department of Corrections, should *548 have made him easier for the State to locate. Moreover, while the lack of a significant relationship may excuse the failure to notify a parent whose address is unknown and not readily obtainable, it does not absolve the State of its responsibility to act diligently in serving notice upon a noncustodial parent whose address may be easily discovered. Thus, we are compelled to hold that the minor's due process rights were violated.
In light of our holding on the issue of notice, we find that we need not reach the other issue raised on appeal by the minor. The judgment of the circuit court of Peoria County is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
HOLDRIDGE, P.J., and LYTTON, J., concurring.