734 N.E.2d 476 (2000)
315 Ill. App.3d 602
248 Ill.Dec. 548
In re B.L., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
B.L., Respondent-Appellant).
No. 2-98-1448.
Appellate Court of Illinois, Second District.
July 27, 2000.
*477 G. Joseph Weller, Deputy Defender and Kathleen J. Hamill (Court-appointed), Office of the State Appellate Defender, Elgin, for B.L.
Michael J. Waller, Lake County State's Attorney, Waukegan, Martin P. Moltz, Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, Lynn Hirschfeld Brahin, Chicago, for the People.
Justice McLAREN delivered the opinion of the court:
The minor, B.L., appeals from his adjudication as a delinquent minor and ward of the court. We affirm.
On September 25, 1997, the State filed a petition for adjudication of wardship against B.L., alleging that B.L. was a delinquent minor. The petition contained the same address for B.L., his mother, Janice, and his father, George. On the first court date, Janice appeared and told the court that George and she had not been together for over three years and that she did not know George's address. The record entry sheet indicates that George was present in court on the next date. However, no court reporter was present.
On December 29, 1997, the trial was continued on the State's motion. Janice was present and told the court that she and George were divorced and that, while she knew that George lived in Des Plaines, he had never told her his address. However, she did have his telephone number at home. The following colloquy then took place:
"MR. NEWSOME [assistant State's Attorney]: Judge, I would ask if we could amend the petition to change the last known address for the father as DesPlaines [sic], and maybe we could get a different address. Do you have that he has ever been present in court?
MR. WINEBERG [public defender]: He was here November 26th.
MR. NEWSOME: So we do have jurisdiction.
MR. WINEBERG: There was."
After a discussion of supervision of the minor, the following discourse occurred:
"THE COURT: I'll be happy to give you a longer date if you want, but the statutethe law requires that a parent be present at the time of the trial.
MS. L.: I understand that.
THE COURT: We could try and force your former husband to come to trial.
MS. L.: Actually, I think if you just asked, to be honest, he probably would come. It's better than me asking, is the problem.
THE COURT: Maybe his public defender
MR. WINEBERG: Give me the phone number.
THE COURT: So why don't we continue this until Monday, January 26th, and this will be a final date, at 1:30, over defendant's [sic] objection, and then Janice, if you can get that number to your son's attorney, maybe he can help you out with that.
MS. L.: Okay.
THE COURT: Thanks for coming in."
There is no indication that the public defender ever spoke to George.
Several court dates later, the parties still demonstrated confusion over George's address and status, as evidenced by the following:

*478 "MR. NEWSOME: Is his father George L.?
MS. L.: He was suppose [sic] to be called before, but he wasn't. That is the minor's father.
MR. NEWSOME: Does he have service? Do we have service on him? Do we know the address of George L.?
THE COURT: 2206 Jethro.
MS. L.: That is not where it is. That is my address."
Eventually, an adjudicatory hearing was held, and the court found the petition to be proved. Following a dispositional hearing, the court imposed a five-year term of intensive probation. The record does not indicate that George was present at either the adjudicatory or dispositional hearing or that George was ever served with a summons regarding this case. The issue of service of summons on George was not raised at the dispositional hearing.
B.L.'s only contention is that the trial court lacked jurisdiction to adjudicate him delinquent and enter a dispositional order against him because George was never served with the petition and a summons or given notice of the adjudicatory and dispositional hearing dates. In juvenile proceedings, due process requires adequate notice of the proceedings to a minor and his parents, including written notification of the specific charge or factual allegations to be considered at an adjudicatory hearing. In re J.O., 302 Ill.App.3d 969, 973, 235 Ill.Dec. 980, 706 N.E.2d 535 (1999). A delinquency petition must provide the names and residences of the minor's parents, and, if these facts are unknown, the petition must so allege. In re D.L., 299 Ill.App.3d 269, 271, 233 Ill.Dec. 689, 701 N.E.2d 539 (1998). Noncustodial parents should be served personally or by mail whenever possible; however, it is notice to the custodial parent that is crucial. In re L.C.C., 167 Ill.App.3d 670, 672, 118 Ill.Dec. 370, 521 N.E.2d 652 (1988). A pleading in a juvenile proceeding that fails to name and notify the necessary respondents fails to invoke the jurisdiction of the court and thereby renders its orders void. In re C.R.H., 163 Ill.2d 263, 271, 206 Ill. Dec. 100, 644 N.E.2d 1153 (1994). However, the lack of notice to a party can be waived. See C.R.H., 163 Ill.2d at 272-73, 206 Ill.Dec. 100, 644 N.E.2d 1153; In re J.P.J., 109 Ill.2d 129, 136-37, 92 Ill.Dec. 802, 485 N.E.2d 848 (1985). Unless some question is raised in the circuit court regarding the failure to identify or locate a noncustodial parent whose identity or address is unknown to the State at the outset of the proceedings, the matter is waived, and diligence on the part of the State may be assumed. J.P.J., 109 Ill.2d at 136-37, 92 Ill.Dec. 802, 485 N.E.2d 848.
Here, the State was put on notice by Janice that George did not live at the address alleged in the petition. However, neither she nor the minor knew George's current address. The State asked leave to amend the petition to reflect a different address but never followed up with any action. It is the State's burden to properly allege a delinquency petition and give notice to the proper parties, and it failed to give proper notice in this case.
However, the minor's attorney volunteered to try to reach George, and the circuit court directed the minor to give George's telephone number to the public defender, instead of to the State, in order to get George to attend the next court date. While the State could have been more diligent in its attempts to properly serve George, the minor did not raise the State's diligence in the circuit court and even failed to object when the court instructed the minor and his attorney to find George. This is not so much a waiver as a procedural default wherein the minor and his attorney volunteered to act and acquiesced in a procedure that short-circuited the statutory procedures. The minor should not be allowed to appeal based on his own complicity in creating the issue that he now claims is error.
*479 We also note that on December 24, 1997, B.L.'s attorney conceded that the court had jurisdiction over George, who had appeared in court on November 26. Because no court reporter was present, we do not know what George said or what he was told. The appearance of a person named as a respondent in the petition at any proceedings under the Act constitutes a waiver of service of summons and submission to the jurisdiction of the court. 705 ILCS 405/5-15(7) (West 1996); In re M.G., 301 Ill.App.3d 401, 411, 234 Ill.Dec. 733, 703 N.E.2d 594 (1998). However, the Act requires that a copy of the summons and the petition shall be provided to the person at the time of the appearance. See 705 ILCS 405/5-15(7) (West 1996). While George's appearance would normally constitute a waiver of service, and B.L.'s attorney conceded that the court had jurisdiction over George, we do not choose to so hold since we do not know what, if anything, George was told or given on that date and do not wish to hold that the mere entrance into a juvenile courtroom is a waiver of service and a submission to jurisdiction. However, the attorney's concession is another factor in our conclusion that the minor may not now argue that jurisdiction was lacking.
For these reasons, the judgment of the circuit court of Lake County is affirmed.
Affirmed.
RAPP and GALASSO, JJ., concur.