*In re* WILLIE W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Willie W., Respondent-Appellant).

Second District   No. 2—03—0669

Opinion filed January 3, 2005.—Rehearing denied March 18, 2005.

G. Joseph Weller and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

Following an adjudicatory hearing, the minor, Willie W., was adjudicated a delinquent minor, after pleading guilty to aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 2002)). Thereafter, he was sentenced to an indeterminate term in the Department of Corrections, Juvenile Division, and was required to register as a sex offender. On appeal, Willie contends that the State failed to exercise due diligence in locating his father and notifying him of the delinquency proceeding. We agree and, therefore, we reverse the judgment of the circuit court and remand the cause for further proceedings consistent with this opinion.

## FACTS

The record reveals the following facts. On March 18, 2003, the State filed a petition for an adjudication of delinquency pursuant to section 5—520 of the Juvenile Court Act (Act) (705 ILCS 405/5—520 (West 2002)). The petition alleged that Willie was a delinquent minor because between 2000 and August 2002, he committed the offense of aggravated criminal sexual assault. The petition requested that an arraignment be held on March 18, 2003, and listed the names of Willie's parents, along with his mother's address. Willie's father's address was listed as "unknown." The record does not include a summons to either parent.

Willie's mother was present at the arraignment and detention hearing, which were held on the same day the petition was filed. The court asked the mother if she knew the father's present address. She said that she knew the father's telephone number "by heart," that the

number was a Wisconsin number, and that she believed that he could be reached at that number. After hearing testimony, the court ordered that Willie be detained and set the matter for hearing on April 4, 2003. The court felt that, based on the allegations, various evaluations ought to be performed. The court also ordered a social history report to be conducted by the probation department. Willie's mother was given a copy of the petition at the detention hearing.

The record includes a "Winnebago County Juvenile Probation Department Social History File Face Sheet," filed April 3, 2003, listing the father's address in Horicon, Wisconsin. Attached to the face sheet is a social history report prepared by the probation department, which indicates that the father provides $390 per month in court-ordered child support. The record does not indicate any form of service upon either parent, and there is no indication that Willie's father ever appeared in any court proceeding.

An adjudicatory hearing was held on April 4, 2003. The public defender told the court that he had discussed the matter with Willie and also with the mother and grandmother, who were present, and that Willie would enter a plea of guilty to the charge of aggravated criminal sexual assault. After appropriate admonishments, Willie admitted to the charge.

The court proceeded immediately to disposition. The State incorporated into its recommendations the social history report, which the probation department had filed the previous day and which contained the father's Wisconsin address and information regarding his child support payments. The court accepted the recommendation of the probation department and ordered that Willie be committed to the Department of Corrections, Juvenile Division, for an indeterminate term, and register as a sex offender.

On April 10, 2003, Willie filed a motion to reconsider and did not raise any argument regarding the State's diligence in attempting to locate and serve his father. Willie's attorney also filed a Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificate. After a hearing, the court denied the motion. This timely appeal followed.

## ANALYSIS

On appeal, Willie's only contention is that the trial court lacked jurisdiction to adjudicate him delinquent and enter a dispositional order against him. Willie argues that the State failed to exercise due diligence in locating his noncustodial father and notifying him of the delinquency proceeding, because the State learned the father's phone number at the arraignment and could have found the father's address in the record before the adjudicatory hearing was held. The State

counters that Willie waived the issue of due diligence in locating and notifying the father by failing to raise it prior to the adjudicatory hearing.

We first note that the doctrine of waiver is an admonition upon the parties, not a restriction upon the jurisdiction of a reviewing court. *In re C.R.H.*, 163 Ill. 2d 263, 274 (1994). A reviewing court may override considerations of waiver in furtherance of its responsibility to provide a just result. *C.R.H.*, 163 Ill. 2d at 274. As the court noted in *In re L.C.C.*, 167 Ill. App. 3d 670, 673 (1988), "[a]n increasing number of cases suggest the State is inattentive to the notice requirements of the Act." See also *In re C.H.*, 277 Ill. App. 3d 32, 34 (1995). Accordingly, notwithstanding any questions of waiver, we choose to address the merits of the instant case.

The Act provides that the parents of a minor who is the subject of proceedings under the Act have the right to be present at the proceedings. 705 ILCS 405/1—5(1) (West 2002). The delinquency petition must provide the names and addresses of the minor's parents. 705 ILCS 405/5—520(2)(c) (West 2002). If any of these facts are unknown, the petition must indicate that they are unknown. 705 ILCS 405/5—520(2)(e) (West 2002); *In re D.L.*, 299 Ill. App. 3d 269, 271 (1998).

In addition to the requirements of the Act, due process of law requires that the notice given in a juvenile proceeding be equivalent to the constitutionally mandated notice in a criminal or civil action. *In re Application of Gault*, 387 U.S. 1, 33, 18 L. Ed. 2d 527, 549, 87 S. Ct. 1428, 1446-47 (1967). The State must use diligence in notifying the minor's parents, especially when the location of a parent is unknown. *L.C.C.*, 167 Ill. App. 3d at 673. When the State fails to provide proper notice to the minor and his parents, it fails to invoke the jurisdiction of the court and any subsequent orders are void. *C.R.H.*, 163 Ill. 2d at 271.

Here, it is clear that the State failed to act with even a modicum of diligence in notifying the minor's father of the delinquency petition. The father's name was included in the petition. The mother supplied his telephone number, which she knew "by heart," and mentioned that he lived in Wisconsin. He also was paying child support. If the State had exercised even a small degree of diligence, it could have discovered the father's address. Even the probation department appeared to have located the father's address, which was included in the social history report, filed in the record, and presumably reviewed by the State before the adjudicatory hearing began. However, the State did nothing. Such a failure is inconsistent with the parent's right to be present and with the minor's right to due process of law. See *In re Miracle C.*, 344 Ill. App. 3d 1046, 1054-55 (2003) (trial court erred in

finding that father was properly served by publication, and the exception applicable when the custodial parent receives notice did not apply because father's whereabouts were not unknown to the State, based on a caseworker's report reviewed by the State indicating that he was in a correctional facility). Accordingly, we hold that the judgment of the trial court committing Willie to the Department of Corrections is void because the State failed to properly serve notice upon his father.

Other cases in which courts have held that the lack of notice to the noncustodial parent was not fatal to the juvenile proceedings are distinguishable. In those cases, the courts cited facts that indicated that the noncustodial parent had not paid child support and that it would have been difficult to locate the noncustodial parent. Those courts found that the difficulty of locating the noncustodial parent and the lack of a significant relationship between the noncustodial parent and the child excused the State's failure to provide notice to the noncustodial parent. See, *e.g.*, *In re J.P.J.*, 109 Ill. 2d 129 (1985); *In re J.W.*, 87 Ill. 2d 56 (1981); *L.C.C.*, 167 Ill. App. 3d 670.

We find this case similar to *C.H.*, wherein the petition for delinquency stated the name of the minor's father but alleged that his address was unknown. The minor and his mother were personally served. The trial court directed Juvenile Court Services to prepare a dispositional social history relating to the minor. The dispositional report stated that the minor's father paid child support and that he had been employed by the Hanna City Correctional Center for approximately 18 years. Following consideration of the report and other relevant matters, the court committed the minor to the Department of Corrections.

On appeal, the minor argued that his right to due process of law was violated when the State failed to use diligence in locating his father and notifying him of the delinquency proceeding, and the State argued that the minor waived the argument by failing to raise the issue before the trial court. The appellate court rejected the State's waiver argument. The court held that the State failed to exercise diligence in locating and notifying the minor's father, because, if the State had exercised "even a small degree of diligence," it could have discovered his address, since the father had been paying child support and had been working at the same job for 18 years. *C.H.*, 277 Ill. App. 3d at 35.

Here, like in *C.H.*, Willie's father had been paying child support. This fact, combined with the fact that the State was supplied with his telephone number, should have made him easy to find. "Moreover, while the lack of a significant relationship may excuse the failure to notify a parent whose address is unknown and not readily obtainable,

302

it does not absolve the State of its responsibility to act diligently in serving notice upon a noncustodial parent whose address may be easily discovered." *C.H.*, 277 Ill. App. 3d at 36. Consequently, we hold that Willie's due process rights were violated.

Based on the foregoing, the judgment of the circuit court of Winnebago County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

O'MALLEY, P.J., and CALLUM, J., concur.