No. 2--03--0669 

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

)

In re
 WILLIE W., a Minor ) Appeal from the Circuit Court

) of Winnebago County.

)

) No. 03--JD--147

)

(The People of the State of Illinois, 
 ) Honorable

Petitioner-Appellee, v. Willie W., 
 ) Steven M. Nash,

Respondent-Appellant).
 ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered 
the
 opinion of 
the
 court:

Following an adjudicatory hearing, 
the
 minor, Willie W., was adjudicated a delinquent minor, after pleading guilty to aggravated criminal sexual assault (720 ILCS 5/12--14(b)(I) (West 2002)).  Thereafter, he was sentenced to an indeterminate term in 
the
 Department of Corrections, Juvenile Division, and was required to register as a sex offender.  On appeal, 
Willie
 contends that 
the
 State failed to exercise due diligence in locating his father and notifying him of 
the
 delinquency proceeding
.
  We agree and, therefore, we reverse 
the
 judgment of 
the
 circuit court and remand 
the
 cause for further proceedings consistent with this opinion
.

FACTS

The record reveals 
the
 following facts.  On March 18, 2003, 
the
 State filed a petition for an adjudication of delinquency pursuant to section 5--520 of 
the
 Juvenile Court Act (Act) (705 ILCS 405/5--520 (West 2002)).  The petition alleged that 
Willie
 was a delinquent minor because between 2000 and August 2002, he committed 
the
 offense of aggravated criminal sexual assault.  The petition requested that an arraignment be held on March 18, 2003, and listed 
the
 names of 
Willie
's parents, along with his mother's address.  
Willie
's father's address was listed as "unknown."  The record does not include a summons to either parent.

Willie
's mother was present
 at 
the
 arraignment and detention hearing, which were held on 
the
 same day 
the
 petition was filed.  The court asked 
the
 mother if she knew 
the
 father's present address.  She said that she knew 
the
 father's telephone number "by heart," that 
the
 number was a Wisconsin number
, and that she believed that he could be reached at that number.  After 
hearing testimony, 
the
 court ordered that 
Willie
 be detained and set 
the
 matter for hearing on April 4, 2003. 
 The court felt that, based on 
the
 allegations,
 various evaluations ought to be performed
.  The court also ordered a social history report to be conducted by 
the
 probation department.  
Willie
's mother was given a copy of 
the
 petition at 
the
 detention hearing.

The record includes a "Winnebago County Juvenile Probation Department Social History File Face Sheet," filed April 3, 2003, listing 
the
 father's address in Horicon, Wisconsin.  Attached to 
the
 face sheet is a social history report prepared by 
the
 probation department, which indicates that 
the
 father provides $390 per month in court-ordered child support. 
 The record does not indicate any form of service upon 
either parent, and there is no indication that Willie's father ever appeared in any court proceeding.

An adjudicatory hearing was held on April 4, 2003.  
The public defender told 
the
 court that he had discussed 
the
 
matter with 
Willie
 and also with 
the
 mother and grandmother, who were present, and that 
Willie
 would enter a plea of guilty to 
the
 charge of aggravated criminal sexual assault.  After appropriate admonishments, 
Willie
 admitted to 
the
 charge
.  

The court proceeded immediately to disposition.  The State incorporated into its recommendations 
the
 social history report, which 
the
 probation department had filed 
the
 previous day and which contained 
the
 father's Wisconsin address and information regarding his child support payments.  
The court accepted 
the
 recommendation of 
the
 probation department and ordered that 
Willie
 be committed to 
the
 Department of Corrections, Juvenile Division, for an indeterminate term, and register as a sex offender.  

On April 10, 2003, Willie
 filed a motion to reconsider and did not raise any argument 
regarding 
the
 State's diligence in attempting to locate and serve his father
.  
Willie
's attorney also filed a Supreme Court Rule 604(d) (188 
Ill. 2d
 R. 604(d)) 
certificate.  After a hearing, 
the
 court denied 
the
 motion.
  This timely appeal followed.

ANALYSIS

On appeal, 
Willie
's only contention is that 
the
 trial court lacked 
jurisdiction
 to adjudicate him delinquent and enter a dispositional order against him.  Willie argues that 
the
 State failed to exercise due diligence in locating his noncustodial father and notifying him of 
the
 delinquency proceeding, because
 
the
 State learned 
the
 father's phone number at 
the
 arraignment and could have found
 
the
 father's address
 in 
the
 record before 
the
 adjudicatory hearing was held
. 
 The State counters that 
Willie
 waived the issue of due diligence 
in locating and notifying
 the father by failing to raise 
it 
prior to 
the
 adjudicatory hearing.  

We first note that 
the
 doctrine of waiver is an admonition upon 
the
 parties, not a restriction upon 
the
 
jurisdiction
 of a reviewing court.  
In re C.R.H.
, 163 
Ill. 2d
 263, 274 (1994).  A reviewing court may override considerations of waiver in furtherance of its responsibility to provide a just result.  
C.R.H.
, 163 
Ill. 2d
 at 274.  As 
the
 court noted in 
In re L.C.C.
, 167 
Ill. App. 3d
 670, 673 (1988), "[a]n increasing number of cases suggest 
the
 State is inattentive to 
the
 notice requirements of 
the
 Act."  See also 
In re C.H.
, 277 
Ill. App. 3d
 32, 34 (1995).  Accordingly, notwithstanding any questions of waiver, we choose to address 
the
 merits of 
the
 instant case.

The Act provides that 
the
 parents of a minor who is 
the
 subject of proceedings under 
the
 Act have 
the
 right to be present at 
the
 proceedings.  705 ILCS 405/1--5(1) (West 2002).  The delinquency petition must provide 
the
 names and addresses of 
the
 minor's parents.  705 ILCS 405/5--520(2)(c) (West 2002).  If any of these facts are unknown, 
the
 petition must indicate that they are unknown. 
 705 ILCS 405/5--520(2)(e) (West 2002); 
In re D.L.
, 299 
Ill. App. 3d
 269, 271 (1998). 
 

In addition to 
the
 requirements of 
the
 Act, due process of law requires that 
the
 notice given in a juvenile proceeding be equivalent to 
the
 constitutionally mandated notice in a criminal or civil action.  
In re Application of Gault
, 387 U.S. 1, 33, 18 L. Ed. 2d 527, 549, 87 S. Ct. 1428
, 1446-47  (1967).  The State must use diligence in notifying 
the
 minor's parents, especially when 
the
 location of a parent is unknown.  
L.C.C.
, 167 
Ill. App. 3d
 at 673.  When 
the
 State fails to provide proper notice to 
the
 minor and his parents, it fails to invoke 
the
 
jurisdiction
 of 
the
 court and any subsequent orders are void.  
C.R.H.
, 163 
Ill. 2d
 at 271.

Here, it is clear that 
the
 State failed to act with even a modicum of diligence in notifying 
the
 minor's father of 
the
 delinquency petition.  The father's name was included in 
the
 petition.  The mother supplied his telephone number, which she knew "by heart," and mentioned that he lived in Wisconsin.  He also was paying child support.  If the State had exercised even a small degree of diligence, it could have discovered 
the
 father's address.  Even 
the
 probation department appeared to have located 
the
 father's address, which was included in the social history report, filed in 
the
 record,  and presumably reviewed by 
the
 State
 before 
the
 adjudicatory hearing began
.  However, 
the
 State did nothing.  Such a failure is inconsistent with 
the
 parent's right to be present and with 
the
 minor's right to due process of law.  See 
In re Miracle C.
, 344 
Ill. App. 3d
 1046, 1054-55 (2003) (trial court erred in finding that 
father 
was properly served by publication, and 
the
 exception applicable when 
the
 custodial parent receives notice did not apply because 
father's whereabouts were not unknown to 
the
 State, based on a caseworker's report reviewed by 
the
 State indicating that he was in a correctional facility).  
Accordingly, we hold that 
the
 judgment of 
the
 trial court committing 
Willie
 to 
the
 Department of Corrections is void because 
the
 State failed to properly serve notice upon 
his 
father.   Other cases in which courts have held that 
the
 lack of notice to 
the
 noncustodial parent was not fatal to 
the
 juvenile proceedings are distinguishable.  In those cases, 
the
 courts cited facts that  indicated that 
the
 noncustodial parent had not paid child support and that it would have been difficult to locate 
the
 noncustodial parent.  Those courts found that 
the
 difficulty of locating 
the
 noncustodial parent and 
the
 lack of a significant relationship between 
the
 noncustodial parent and 
the
 child excused 
the
 State's failure to provide notice to 
the
 noncustodial parent.  See, 
e.g.
, 
In re J.P.J.
, 109 
Ill. 2d
 129 (1985); 
In re J.W.
, 87 
Ill. 2d
 56 (1981); 
L.C.C.
, 167 
Ill. App. 3d
 670 (1988).  

We find this case similar to 
C.H.
, wherein 
the
 petition for delinquency stated 
the
 name of
 the minor's father but alleged that his address was unknown.  The minor and his mother were personally served.  The trial 
court directed Juvenile Court Services to prepare a dispositional social history relating to 
the
 minor.  The dispositional report stated that 
the
 minor's father paid child support and that he had been employed by 
the
 Hanna City Correctional Center for approximately 18 years.  Following consideration of 
the
 report and other relevant matters, 
the
 court committed 
the
 minor 
to
 
the
 Department of Corrections.
  

On appeal, 
the
 minor argued that his right to due process of law was violated when 
the
 State failed to use diligence in locating his father and notifying him of 
the
 delinquency proceeding, and 
the
 State argued that 
the
 minor waived the argument by failing to raise 
the
 issue before 
the
 trial court.  The appellate court rejected 
the
 State's waiver argument.  The court held that 
the
 State failed to exercise diligence in locating and notifying 
the
 minor's father, because, if 
the
 State had exercised "even a small degree of diligence," it could have discovered 
his
 address, since 
the
 
father had been paying child support and had been working at 
the
 same job for 18 years.  
C.H.
, 277 
Ill. App. 3d
 at 35.

Here, like in 
C.H.
, 
Willie
's father had been paying child support.  This fact, combined with 
the
 fact that 
the
 State was supplied with his telephone number, should have made
 him easy to find. Moreover, while the lack of a significant relationship may excuse 
the
 failure to notify a parent whose address is unknown and not readily obtainable, it does not absolve 
the
 State of its responsibility to act diligently in serving notice upon a noncustodial parent whose address may be easily discovered.  
C.H.
, 277 
Ill. App. 3d
 at 36.  Consequently, we hold that 
Willie
's due process rights were violated.

Based on the foregoing, the judgment of the circuit court of Winnebago County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

O'MALLEY, P.J., and CALLUM, J., concur.